## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLA S. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. CIV-04-0561-HE |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER, SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This case is before the Court on the Report and Recommendation of Magistrate Judge Bana Roberts. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her claims for disability insurance benefits and supplemental security income benefits under the Social Security Act. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Judge Roberts for review. Judge Roberts issued her Report and Recommendation, recommending that the defendant's decision be reversed and remanded in order to resolve a conflict between the vocational expert's testimony and the designations prescribed by the Dictionary of Occupational Titles. In addition, Judge Roberts recommended a remand for further development of the record with respect to plaintiff's claims of foot pain. The matter is currently before the Court on plaintiff's objection to the Report and Recommendation and the defendant's Court ordered response to such objection.[1]

---

[1] *Because plaintiff has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1)(C).*

During the pendency of this action, plaintiff filed a separate application for benefits based on the same circumstances alleged in this matter.[2]  On February 18, 2005, the Administrative Law Judge ("ALJ") in that case issued a decision finding plaintiff disabled and awarding her back benefits to August 25, 1998.  Before issuing his decision, the ALJ apparently "reopened" plaintiff's application filed in this matter and considered the evidence applicable to both cases.

Based on the favorable decision of the ALJ, which is now final,[3] plaintiff requests this case be remanded for an award of benefits rather than reconsideration.  In making this request, plaintiff seeks to avoid inconsistent decisions and a delay in her receipt of benefits.  In reply, defendant suggests the case should be remanded to resolve the question of plaintiff's disability between July 31, 1998, and August 25, 1998.  However, the record has been fully developed in this matter and all parties agree that plaintiff has been disabled since August 25, 1998, and is entitled to benefits from that date.  Therefore, as plaintiff indicates she does not seek to pursue further the issue of eligibility as of July 31, 1998, a remand for reconsideration serves no other purpose but to delay plaintiff's receipt of benefits.  As further delay would be inequitable, the Court concludes a remand for a direct award of benefits is warranted.  See, e.g., Sisco v. U.S. Dept. of Health and Human Servs., 10 F.3d 739, 746 (10th Cir. 1993) (finding the Secretary was not entitled to adjudicate a case "ad infinitum"

---

[2]*The only difference between the two cases appears to be a less than thirty day difference, from July 31, 1998, to August 25, 1998, regarding the onset of disability.*

[3]*The Appeals Council did not seek to review the ALJ's decision and the time for review has now passed.  20 C.F.R. § 404.969.*

and remanding the case to the district court with instructions to remand to the Secretary for an immediate award of benefits) (internal citations omitted); Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993) ("When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits.").

Accordingly, the Report and Recommendation is adopted in part and rejected in part. The defendant's decision denying plaintiff's claim for benefits is **REVERSED** and the case is **REMANDED** to the Social Security Administration for an immediate award of benefits to plaintiff, based on an onset date of August 25, 1998.

**IT IS SO ORDERED**.

Dated this 1st day of June, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE